UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOMINIQUE CAAMANO<br>1100 Wilshire Blvd.  Unit 2204<br>Los Angeles, CA  90017<br><br>    **Plaintiff,**<br><br>    v.<br><br>GIULIO DE TOMMASO<br>12102 Forestvale Drive<br>Rockville, MD 20852<br><br>    **Defendant.** | Civil Action No. _____ |

## COMPLAINT

COMES NOW, Plaintiff Dominique Caamano ("Plaintiff"), by and through undersigned counsel, and for her Complaint against Defendant Giulio De Tommaso ("Defendant") states as follows:

### Introduction

This is an action for damages arising out of personal injuries sustained by Plaintiff as a pedestrian on August 21, 2015 when she was struck by a vehicle driven by Defendant on 12th Street NW, Washington, D.C. as she was getting into a vehicle in the curb lane. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered serious and permanent physical injuries resulting in damages which include past and future medical expenses and pain and suffering.

### Jurisdiction and Venue

1.    Jurisdiction in this matter is founded on diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332(a)(1).

1

2. The matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states.

3. Venue in this action properly lies in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391, insofar as a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

### Parties

4. Plaintiff, Dominique Caamano, is currently an adult resident of California, residing at the address set forth above.

5. Defendant, Giulio De Tommaso, is an adult resident of the state of Maryland residing at the address set forth above.

### Facts

6. On August 21, 2015 at approximately 10:13 pm, Plaintiff Dominique Caamano was walking north on the west sidewalk of 12th Street NW.

7. Plaintiff crossed between two vehicles parked on the left-hand side of the road and waited on the rear passenger side of one of the parked vehicles before getting in to her Uber ride.

8. At all times, Plaintiff was within the parking lane on the side of the road and looked both ways before moving to get into her ride.

9. Before Plaintiff could get in to her Uber vehicle, she was struck from behind by a vehicle driven by Defendant Giulio De Tommaso who was travelling north on 12th Street NW in the left-hand lane.

10. The impact of the collision knocked Plaintiff to the ground where she hit her head on the pavement, lost consciousness, and sustained multiple injuries.

11. At the scene of the incident, MPD Police Officers determined that Defendant was the negligent driver and issued a notice of infraction to Defendant for Colliding with a Pedestrian.

12. The sole and proximate cause of the collision and Plaintiff's injuries was Defendant's negligent behavior in not paying attention to the operation of his vehicle and colliding with a pedestrian.

13. As a direct and proximate result of Defendant's negligence, Plaintiff suffered serious and permanent injuries, including but not limited to injuries to her head, face, neck, shoulder, and back.

14. Plaintiff's injuries required extensive medical treatment and caused her significant pain and suffering.

15. Since the collision, Plaintiff has been significantly limited in her ability to engage in physical activity and the activities of daily living.

16. As a result of the collision, Plaintiff has suffered, and will continue to suffer, serious bodily and emotional injuries and damages, including pain, suffering, emotional distress, inconvenience, loss of the enjoyment of life, lost wages, medical expenses, and other damages.

## COUNT I – Negligence

17. All preceding paragraphs are incorporated by reference as though fully set forth herein.

18. At all relevant times herein, Defendant De Tommaso owed Plaintiff a duty to use reasonable care in controlling and operating his vehicle.

19. Defendant De Tommaso breached this duty by, *inter alia*: (a) failing to maintain proper control of his vehicle; (b) failing to pay full time and attention to the operation of his

vehicle; (c) failing to keep a proper lookout; (d) failing to operate his vehicle safely; (e) colliding with a pedestrian; and (h) failing to adhere to the applicable motor vehicle laws and regulations then and there in full force and effect in the District of Columbia.

20. Defendant De Tommaso directly and proximately caused the collision with Plaintiff by negligently breaching the aforesaid duties.

21. Defendant De Tommaso's actions were the proximate cause of the aforesaid collision.

22. As a direct and proximate result of Defendant's negligence, Plaintiff suffered damages, including but not limited to, serious and permanent bodily and emotional injuries.

23. As a further direct and proximate result of Defendant's negligence, Plaintiff suffered and will continue to suffer physical pain and anguish.

24. As a further direct and proximate result of Defendant's negligence, Plaintiff incurred and will continue to incur medical and other expenses.

25. As a further direct and proximate result of Defendant's negligence, Plaintiff has incurred and will continue to incur lost wages.

26. As a further direct and proximate result of Defendant's negligence, Plaintiff had and continues to have difficulty performing various activities.

27. For such injuries proximately resulting from Defendant's foregoing negligent conduct, Defendant is liable to Plaintiff for compensatory damages in an amount not less than $1,500,000.00, which amount shall be proven at trial.

28. WHEREFORE, Plaintiff demands judgment against Defendant as follows: (1) compensatory damages in an amount not less than $1,500,000.00, which amount will be

proven at trial; (2) all costs associated with this action; (3) pre- and post-judgment interest as permitted by law; and (4) such other and further relief as this Court deems proper.

## COUNT II - Negligence *Per Se*

29. All preceding paragraphs are incorporated by reference as though fully set forth herein.

30. The aforesaid collision was directly and proximately caused by the negligence *per se* of Defendant.

31. Defendant's conduct, as described herein, was in violation of the motor vehicle laws of the District of Columbia. Those violations include, but are not limited to: (a) D.C. Mun. Reg. Tit. 18 § 2213.4. which requires that "[a]n operator shall, when operating a vehicle, give full time and attention to the operation of the vehicle"; (b) D.C. Mun. Reg. Tit. 18 § 2300.2 which states that "every operator of a vehicle shall exercise due care to avoid colliding with any pedestrians…"; (c) D.C. Mun. Reg. Tit. 18 § 2201.6(a) which provides that "[w]henever any roadway has been divided into two (2) or more clearly marked lanes for traffic, the following rules, in addition to all other rules consistent with this subtitle shall apply: (a) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from that lane until the driver has first ascertained that such movement can be made with safety"; and D.C. Code § 50-2201.04 which provides for penalties for driving a vehicle in a manner so as to endanger any person or property.

32. The motor vehicle laws of the District of Columbia are designed to protect motor vehicle drivers, pedestrians and other members of the public on District of Columbia roads.

33. Plaintiff is a member of the class of persons the motor vehicle laws of the District of Columbia are designed to protect.

34. By violating the aforementioned motor vehicle laws of the District of Columbia, Defendant breached his duties owed to Plaintiff as a member of the class of persons intended to be protected by such laws.

35. As a direct and proximate result of Defendant's negligence *per se*, Plaintiff suffered damages, including but not limited to, serious and permanent bodily and emotional injuries.

36. As a further direct and proximate result of Defendant's negligence *per se*, Plaintiff suffered and will continue to suffer physical pain and anguish.

37. As a further direct and proximate result of Defendant's negligence *per se*, Plaintiff incurred and will continue to incur medical and other expenses.

38. As a further direct and proximate result of Defendant's negligence *per se*, Plaintiff had and continues to have difficulty performing various activities.

39. As a further direct and proximate result of Defendant's negligence *per se*, Plaintiff has incurred and will continue to incur lost wages.

40. For such injuries proximately resulting from Defendant's foregoing negligence *per se*, Defendant is liable to Plaintiff for compensatory damages in an amount not less than $1,500,000.00, which amount shall be proven at trial.

41. WHEREFORE, Plaintiff demands judgment against Defendant as follows: (1) compensatory damages in an amount not less than $1,500,000.00, which amount will be proven at trial; (2) all costs associated with this action; (3) pre- and post-judgment interest as permitted by law; and (4) such other and further relief as this Court deems proper.

**JURY TRIAL REQUESTED**

Plaintiff, by counsel, respectfully requests a trial by jury on all issues.

        **Respectfully submitted,**

        **DOMINIQUE CAAMANO**

  **By:** _____
        **Jacob M. Lebowitz, D.C. Bar #483742**
        **POSEY LEBOWITZ, PLLC**
        **3221 M St. NW**
        **Washington DC 20007**
        **Phone: 202-524-0123**
        **Fax: 202-810-9009**
        **jlebowitz@poseylebowitz.com**
        *Counsel for Plaintiff*

**Dated: February 9, 2017**